G. W. HETZLER, Appellant, v. J. W. MORRELL & SON, Appellees.

1.   Contracts in Writing: PAROL EVIDENCE TO CONTRADICT NOT ADMISSIBLE. A contract for the exchange of real estate between H. and R. provided that any failure to fulfill the same should operate a forfeiture thereof, and that the party causing the forfeiture should forfeit to the defendants the sum of two hundred dollars. R. failed to perform the contract, and paid to the defendants two hundred dollars as provided in the contract. H., having brought this action to recover said two hundred dollars, sought to show that under the negotiations preceding the written contract said sum was to be paid to him. *Held*, that evidence of such negotiations was properly excluded.

2.   ————: FORFEITURE THROUGH FRAUDULENT REPRESENTATIONS OF AGENT : DAMAGES. R. having the right to withdraw from the contract for any reason he might see fit to act upon, *held*, that H. could not recover damages of the defendants because of their false representations to R. whereby he was led to abandon the contract.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

FRIDAY, MAY 22, 1891.

THE petition is in two counts. The first is to recover two hundred dollars alleged to have been collected from W. C. Ray for the plaintiff, and the second to recover damages sustained by reason of false representations made by the defendants to Ray, by which he was induced to refuse to carry out a contract with the plaintiff for an exchange of properties. The defendants answered, admitting the receipt of the two hundred dollars, but denying that the plaintiff is entitled to the same under the contract of exchange. On the close of the testimony for the plaintiff, the court, on motion of the defendants, directed a verdict for the defendants, overruled the plaintiff's motion for a new trial, and entered judgment on the verdict. The plaintiff appeals. *Affirmed.*

*James A. Merritt* and *Ira W. Anderson*, for appellant.

*McHenry & McHenry*, for appellees.

GIVEN, J.—I. The defendants were real-estate brokers, and as such conducted negotiations between 1. CONTRACTS in the plaintiff and W. C. Ray for an exchange writing: parol evidence to of properties, which resulted in a contract contradict not admissible. that was reduced to writing and signed by the parties thereto. The written contract contains this clause : " Any failure to fulfill this contract shall be a forfeiture of same, and shall, by party so doing, forfeit to Morrell & Son ( our agents ) the sum of two hundred dollars aforesaid, forfeiture." Dr. Ray failed to fulfill the contract, and paid the two hundred dollars to the defendants, and the contention is, to which of these parties that money belongs.

It will be noticed that the forfeiture is not payable to Morrell & Son, but is a "forfeit to Morrell & Son." It is not contended that, by the language of the contract, the forfeit was to the plaintiff. His claim is that such was the agreement, and that he signed the writing upon the representation of the defendants that it contained all the agreement, which he believed to be true. It is not alleged that the representation was fraudulently made. The court properly excluded evidence of the offers and negotiations which led to the written contract, and evidence tending to vary and contradict the written contract. The appellant argues that the action is not upon the written contract. A sufficient answer is that the defendants produce his written contract, covering and controlling the ownership of the forfeiture which he does not attack for fraud or mistake. It is also argued that it does not appear for what consideration the defendants were to have this money. We think it may be inferred from the contract that it was as compensation if the exchange failed.

II. The plaintiff's claim for damages rests upon the allegation that, after the written contract was

**2. ——: forfeiture through fraudulent representations of agent: damages.** signed, the defendants wrongfully and fraudulently represented to Ray that the plaintiff was to pay him only seven hundred dollars as the difference in the exchange, when in fact the agreement called for eight hundred dollars, and that by said false and fraudulent representation they "induced and persuaded said Ray to back out of the said bargain, and pay over in the hands of the defendants the said forfeiture of two hundred dollars." By the written contract the plaintiff accorded to Ray the right "to back out" for any reason that he might see fit to act upon; hence, the plaintiff has lost nothing that he had a right to insist upon. There was no error, therefore, in excluding evidence of representations made by the defendants to Dr. Ray, concerning the amount of difference to be paid by the plaintiff to Dr. Ray, nor as to the condition of the plaintiff's farm. It follows from these conclusions that there was no error in excluding testimony, or in directing a verdict for the defendant.

The judgment of the district court is AFFIRMED.